J-A13025-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| IN RE: PETITION OF J.K. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| ALLEGHENY COUNTY DEPARTMENT | : | No. 904 WDA 2024 |
| OF BEHAVIORAL HEALTH AND THE | : | |
| PENNSYLVANIA STATE POLICE | : | |

Appeal from the Order Entered July 8, 2024
In the Court of Common Pleas of Allegheny County Orphans' Court at
No(s):  CC 0296 of 2023

BEFORE:  BOWES, J., OLSON, J., and BENDER, P.J.E.

JUDGMENT ORDER PER CURIAM:                    **FILED: June 2, 2025**

Appellant, J.K., appeals *pro se* from the order entered on July 8, 2024, which denied Appellant's Petition to Vacate and Expunge Involuntary Civil Commitment.  We affirm.

The trial court ably summarized the factual and procedural history of this case:

> On April 21, 2023, [Appellant] was admitted under Section 302 of the Mental Health Procedures Act, 50 P.S. § 7302, ("MHPA") to UPMC Presbyterian Hospital ("UPMC Presby").[fn.1]  Application for Involuntary Emergency Examination and Treatment (admission date [April] 21, 2023 ("302 Application I"), p. 1.  Application and examination were made by UPMC Presby physician Donald Yealy, MD ("Dr. Yealy").  Dr. Yealy observed that [Appellant] had "active delusions of external threats" and was verbally aggressive to the doctor, "expressing desire for physical harm, shouting, [and] profanity."  Dr. Yealy found that while [Appellant] was verbally aggressive and in need of psychiatric evaluation and

treatment, [Appellant's] vitals, physical health, and "extensive laboratory evaluation" were normal. Dr. Yealy [opined] that Appellant was severely mentally disabled and in need of treatment under Section 302 of the MHPA. [Appellant was] then admitted to UPMC Western Psychiatric Institute and Clinic ("WPIC"), where staff physician Nolan Hughes ("Dr. Hughes") explained to [Appellant] her rights described in Form MH 783-A, but [affirmed that it was his belief that Appellant] did not understand her rights. 302 Application I, p. 5; Application for Extended Involuntary Treatment (admission date [April] 21, 2023) ("303 Application I"), p. 2.

> [fn.1] In addition to the civil commitments in Allegheny County, Pennsylvania, addressed here, Appellant was civilly committed once in Florida.

[That] same day, application for extended involuntary treatment was made under Section 303 of the MHPA, 50 P.S. § 7303, by Dr. Hughes. Dr. Hughes found that [Appellant] was:

> [d]isheveled, poor ADLs, repeats that she is in multiple lawsuits against the county for taking her children and is convinced unknown people related to this [commitment] are breaking into her home and harassing her, evidently became convinced that physician at [UPMC Presby] was also involved resulting in threats of violence and 302 being filed. Remains quite agitated and psychotic appearing, not taking medications, very limited insight and poor judgment.

Dr. Hughes opined that Appellant was severely mentally disabled and in need of extended involuntary treatment.

On April 25, 2023, a hearing was held before Mental Health Review Officer ("MHRO") Rebecca McHolme on 303 Application I. [Appellant] was present and represented by counsel. The MHRO found that based on the testimony of Dr. Hughes, [Appellant] was severely mentally disabled and a clear and present danger to herself or others, ordering that [Appellant] shall receive a combination of in-patient and out-patient treatment as the director of WPIC shall determine for a period not to exceed 20 days.

On July 25, 2023, [Appellant] was again admitted under Section 302 of the [MHPA] to WPIC by application of Pittsburgh Police Officer Amber Flick ("Officer Flick"). Application for Involuntary Emergency Examination and Treatment (admission date [July] 25, 2023) ("302 Application II"), p. 1-3. Officer Flick averred that on July 24, 2023, she was called to [Appellant's] residence for a welfare check requested by [Appellant]. Officer Flick aver[red] that this instance was her fourth interaction with [Appellant] in the [previous] two days, noting that Appellant's mental health appeared to be deteriorating with each contact. [Appellant] claimed that Appellant's "daughter's adoptive parents rape her every night" and that [Appellant] is consumed by thoughts of these claims. Officer Flick [averred] that [Appellant] told her that [Appellant] had not slept in two days or eaten or [drunk] anything that day. Officer Flick further [averred] that [Appellant] stated she "has a microchip in her brain" and "has died over 100 times and has been reincarnated." Officer Flick also noted that Appellant put[s] "two chain locks on her door when she leaves" and "screws the door shut with plywood," [and that Appellant refuses] to speak near security cameras on the property, "because she said someone was listening."

In [Appellant's] examination on July 25, 2023, the examining physician, Garrett Sparks, MD ("Dr. Sparks"), found that [Appellant] was perceiving messages in the media that her daughter was being raped and focused on "various court proceedings." Dr. Sparks [opined] that Appellant was severely mentally disabled and in need of treatment.

On July 26, 2023, after examining [Appellant,] Shanique Bailey, MD ("Dr. Bailey") [applied for Appellant's] extended involuntary treatment under Section 303 of the MHPA. Application for Extended Involuntary Treatment (admission date [July] 25, 2023) ("303 Application II"), p, 2. Dr. Bailey explained [to Appellant] her rights as described in Form MH 784-A, which Dr. Bailey [stated, Appellant] understood. Dr. Bailey found in her examination that [Appellant] was "emotional lability,[fn.2] aggression on unit, paranoid delusions, ideas of reference, perseverating on adoptive parent raping child, repeated 911 calls, inability to care for

self," [and opined] that [Appellant] was severely mentally disabled and in need of extended treatment.

> [fn.2] "Rapid and extreme changes in mood, often with uncontrollable laughing or crying, low tolerance for frustration, and emotional responses that are inappropriate or disproportionate for the particular situation." *Emotional Lability, Att'y's Dictionary of Med.* (LexisNexis, 2023).

On July 28, 2023, a hearing was held before MHRO Ernest Simon on 303 Application II. [Appellant] was again present and represented by counsel. Upon the testimony of Dr. Bailey, [Appellant] was found to be severely mentally disabled and a clear and present danger to herself or [others], thereby ordering extended involuntary in-patient treatment not to exceed 20 days.

On the same day, Appellant, by and through her counsel from the Office of the Public Defender, filed an appeal from the 303 Certification. The petition alleged that the MHRO improperly admitted hearsay evidence. A hearing reviewing the 303 Certification was held before [Orphans' Court Judge Joseph K. Williams, II] on July 31, 2023. Judge Williams upheld the decision of the MHRO and directed [that] Appellant remain in inpatient care at WPIC not to exceed 20 days. No appeal of [this order] was taken.

On August 4, 2023, Dr. Bailey petitioned for a [court order] extending [Appellant's] involuntary commitment pursuant to Section 304(b) of the MHPA. Dr. Bailey averred that the aforementioned symptoms continued, including "grandiose delusions regarding being a lawyer."

On August 15, 2023, a hearing was held before MHRO Jennifer Price, in which MHRO Price found Appellant severely mentally disabled based again on the testimony of Dr. Bailey and recommended to [the Orphans' Court] that the treatment be extended not to exceed 90 days, with 45 days of in-patient treatment and the remainder out-patient. [The Orphans' Court] granted the MHRO's recommendation.

On [] August 16, 2023, Appellant, by and through her counsel from the Office of the Public Defender, filed an appeal from

the [Section] 304 Order. A hearing was held before [the Orphans' Court] on August 18, 2023. After a review of the 304 Recommendation by MHRO Price, [the Orphans' Court] ordered that Appellant remain in in-patient treatment for a period not to exceed 20 days.

On August 25, 2023, physician Candace Fraser ("Dr. Fraser") petitioned for a [court order,] extending [Appellant's] involuntary commitment pursuant to Section 305 of the MHPA. Dr. Fraser stated that [Appellant] had recently eloped from her [] involuntary commitment period and was continuing to suffer from delusions.

On September 6, 2023, a hearing was held before MHRO Price, where she recommended [Appellant] receive a combination of in-patient and out-patient treatment, as the director of WPIC shall determine, for a period not to exceed 180 days. [Orphans' Court] Judge Michael F. Marmo granted an order for involuntary commitment under Section 305 in [accordance] with the MHRO's recommendation.

[That] same day, [Appellant], by and through her counsel from the Office of the Public Defender, filed an appeal from the [Section] 305 Order. Judge Marmo remanded the matter, without a hearing, for a new hearing before [an] MHRO "due to technical difficulties [with] the recording system."

On September 8, 2023, a new hearing on the [Section] 305 Petition was held before MHRO Arnold Caplan, in which MHRO Caplan found [Appellant] severely mentally disabled and recommended combination treatment not to exceed 180 days. Upon [the Orphans' Court's] consideration of the MHRO's recommendation, [the Orphans' Court] granted involuntary commitment not to exceed 180 days under Section 305. No appeal was taken from [this order].

This brings us to the present Petition of [Appellant] and the order on appeal.

On March 14, 2024, [Appellant], *pro se*, filed three petitions with [the Orphans' Court]: (1) Petition to Vacate and Expunge Involuntary Civil Commitment; (2) Petition *Nunc Pro Tunc*; [and] (3) Petition for Leave to Proceed *In Forma Pauperis*. On March 21, 2024, [Appellant] filed an Amended

Petition to Vacate and Expunge Involuntary Civil Commitment (pleadings of Appellant hereafter collectively the "Petition").

A hearing was scheduled for and held before [the Orphans' Court] on June 25, 2024. The only testimony offered at the hearing was that of [Appellant], and cross-examination by counsel for the Pennsylvania State Police.

On July 2, 2024, upon consideration of the testimony, evidence, argument, and [] record, [the Orphans' Court] denied [Appellant's] Petition.

On July 31, 2024, [Appellant] timely filed a notice of appeal of [the Orphans' Court's July 8, 2024 order].

Trial Court Opinion, 9/30/24, at 1-8 (some citations, footnotes, and capitalization omitted).

Appellant raises the following claims on appeal:

1. Appellant was both a non-dangerous and nonthreatening individual who suffered prosecution [] as a dangerous individual. Was her prosecution, under our state and federal constitutions, offensive to the fundamental notions of the guarantee of Due Process, and, was such prosecution constitutionally impermissible, and also, a denial of the equal protection of the laws?

2. The mental health review court-imposed orders "unreasonable, and 'lengthy' orders" of both 7 days, and then, of 45 days detention upon Appellant, whereby each order was pursuant to fraud upon the court. Given each order –

A. Was the order illegal where petitioning parties fraudulently misrepresented material facts in order to both deliver Appellant to tribunals for investigation, and then, in order to procure adverse adjudications against Appellant?

B. Was the order illegal, under both our state and federal constitutions, being that it resulted in both egregious and

arbitrary acts that related to no goal that amounted to punishment against a non-dangerous and nonthreatening individual, and disparate and drastic than either what a similarly situated non-dangerous individual may expect in the least, facing less drastic alternatives to unreasonable duration in detention or in the least other civilly committed persons proscribed duration of treatment or a prisoner facing a minimum to maximum sentence?

C. Was the order unduly harsh punishment and a manifest abuse of discretion, where the mental health review court's application for involuntary civil commitment guidelines were "clearly unreasonable," and the mental health review court was applying the guidelines erroneously?

3. Did the trial court err in granting the motion to dismiss Appellant's both *nunc pro tunc* appeal, and Petition To Vacate and Expunge Involuntary Civil Commitment of the 2023 mental health commitments as violating both the procedural and substantive due process provisions of the MHPA provisions as time barred without consideration of the discovery rule exception to the catch-all six-year statute of limitations in 42 Pa.C.S. § 5527(b)?

4. Did the trial court err in granting the motion to dismiss Appellant's both *nunc pro tunc* appeal, and Petition To Vacate and Expunge Involuntary Civil Commitment where the mental health review court applied a less than "clear and convincing" standard of evidence that resulted in adverse adjudications pursuant to fraud upon the court, as statutorily time barred without consideration that Appellant's counsel was ineffective for failing and refusing to represent Appellant, and where it failed to file a direct appeal when so directed by Appellant is a cognizable claim and where such failure denied Appellant assistance of competent counsel guaranteed under Appellant's both state and federal constitution rights and where Appellant reasonably relied on the advice of a state actor so fundamentally unfair as to raise due process concerns, and where such neglect by counsel alone is enough to establish prejudice (for the purposes of 42 Pa.C.S.A. § 9543(a)(2)(ii))?

5. Did the trial court err granting dismissal where the court may expunge and vacate involuntary commitment orders where expired commitment orders are appealable because of important liberty issues involved.

Appellant's Brief at 3-5.

We have reviewed the briefs of the parties, the relevant law, the certified record, and the opinion of the able trial court judge, the Honorable Michael E. McCarthy. We conclude that Appellant is not entitled to relief in this case, for the reasons expressed in Judge McCarthy's September 30, 2024 opinion. Therefore, we affirm on the basis of Judge McCarthy's able opinion and adopt it as our own. In any future filing with this or any other court addressing this ruling, the filing party shall attach a copy of Judge McCarthy's September 30, 2024 opinion.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 06/02/2025